UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD L. SMITH,<br><br>    Plaintiff,<br><br>        v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | Civil Action No. 08-1630 (JDB) |

## MEMORANDUM OPINION

Plaintiff Donald Smith brings this action against the District of Columbia, Officer Travis Eagan, and three other unknown but named officers ("John Does 1-3") alleging a violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Now before the Court is defendant District of Columbia's (the "District") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As grounds for its motion, the District argues that Smith's claim is barred by the doctrine of res judicata. In response, Smith asserts that because he did not receive a full and fair opportunity to litigate his constitutional claim in state court, res judicata does not apply. The Court concludes that Smith's federal claim would be precluded under the relevant state law and the prior state court proceedings were not constitutionally inadequate, and hence res judicata applies. The District's motion to dismiss will therefore be granted.

## BACKGROUND

On February 16, 2006, Smith, a regular customer of PNC Bank on 14th Street, N.W. in the District of Columbia, walked towards the bank to speak with a manager. Am. Compl. ¶¶ 10-12. As he was walking, Smith saw police cruisers speeding toward the bank and witnessed Eagan and John Does 1-3, officers of the D.C. Metropolitan Police Department ("MPD"),

approach and search the area.  Id. ¶ 13.  A bank robbery had occurred, and a suspect whose description did not match Smith's had fled the scene.  Id. ¶¶ 14-15.  Smith walked around the police cruisers and waited at a pharmacy nearby, watching the MPD investigate.  Id. ¶¶ 16-18.  Fifteen to twenty minutes later, Smith walked back toward the bank, again passing by the police cruisers.  Id. ¶¶ 18-19.  Then, according to Smith, Eagan and John Doe 1 tackled him from behind, choked him, and searched him without provocation or probable cause.  Id. ¶¶ 20-23.  Smith further alleges that John Does 2 and 3 witnessed the choking and the search, but did not object or attempt to prevent these actions.  Id. ¶ 24.  Smith asserts that Eagan and John Doe 1 then forcefully marched him to the bank, where employees identified him as a long time customer.  Id. ¶¶ 25-26.  Despite the employees' identification, however, Eagan and John Doe 1 continued to hold Smith for an additional forty-five minutes.  Id. ¶ 27.

On March 6, 2006, Smith filed a complaint with the Office of Police Complaints ("OPC") detailing these events.  Id. ¶ 30.  Smith's OPC complaint was dismissed on October 26, 2007.  Id.  While his OPC complaint was still pending, on July 23, 2007, Smith filed a complaint in the Superior Court of the District of Columbia relating to these events and named the MPD as a defendant.  District Mem. at 3.  Following a motion to dismiss the complaint as non sui juris, Smith amended his complaint on January 28, 2008, naming the District as the defendant.  Id.  Smith's pro se complaint, in its entirety, states

> [t]he District of Columbia Government (via its Metropolitan Police Department) wrongfully detained me and choked me without any probable case [sic][1] on

---

[1] Smith's handwritten pro se complaint references "probable case," a phrase that Smith argues should be construed as "probable cause."  District Ex. 1; Smith Opp'n at 5.  While the District contends that the phrase should be interpreted as written, District Reply at 3, the Superior Court understood Smith's complaint to read "probable cause."  District Ex. 2.  The

> 2/16/2006. As a direct and proximate result of defendant's wrongful act(s), I suffered physical and mental injury, emotional distress and anxiety in the amt of $20,000.00. Under section 12-309 of the D.C. Code, I filed a complaint with the D.C. Office of Risk Management on 8/11/2006 and they never responded. This gave Defendant notice within the statutorily required six months.

District Ex. 1.

On March 11, 2008, the District filed another motion to dismiss, this time arguing that Smith's claims were barred by the one-year statue of limitations for assault and battery. District Mem. at 3. The Superior Court granted the District's motion to dismiss on April 22, 2008, determining that Smith's claims sounded "in assault and battery and false arrest or false imprisonment" and finding that Smith filed his complaint five months beyond the statute of limitations for these common law torts. District Ex. 2. Smith did not appeal this decision. District Reply at 4. Instead, on September 19, 2008, Smith, now represented by counsel, filed a complaint in this Court against the District and four MPD officers pursuant to 42 U.S.C. § 1983 ("section 1983"), alleging violations of his Fourth and Fourteenth Amendment rights.

Now before the Court is the District's motion to dismiss. The District argues that the dismissal of Smith's Superior Court complaint was a final judgment on the merits. District Mem. at 5-6. Therefore, under the doctrine of res judicata, Smith is precluded from bringing the same cause of action in federal court. Id. at 6-7. Smith responds that res judicata does not apply here because the Superior Court, by failing to address his constitutional claim, deprived him of a full and fair opportunity to litigate his section 1983 claim. Smith Opp'n at 3.

---

Court will defer to the Superior Court's interpretation for present purposes.

**LEGAL STANDARD**

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); Atherton v. District of Columbia Office of the Mayor, --- F.3d ---, 2009 WL 1515373, at *6 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to

dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 127 S. Ct. at 2200 (citing Twombly, 127 S. Ct. at 1965)). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted); see also Aktieselskabet AF 21. November 21 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (explaining that the court has "never accepted legal conclusions cast in the form of factual allegations").

## DISCUSSION

The doctrine of res judicata precludes the relitigation of any claim that was or could have been brought in a prior action resolved on the merits. Allen v. McCurry, 449 U.S. 90, 94 (1980). Pursuant to 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect as would be given by the courts of the state where the judgments emerged, including judgments arising out of section 1983 claims. Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984). "A fundamental precept of common law adjudication," the doctrine of res judicata protects against "expense and vexation attending multiple lawsuits, conserves judicial resources,

dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 127 S. Ct. at 2200 (citing Twombly, 127 S. Ct. at 1965)). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted); see also Aktieselskabet AF 21. November 21 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (explaining that the court has "never accepted legal conclusions cast in the form of factual allegations").

## DISCUSSION

The doctrine of res judicata precludes the relitigation of any claim that was or could have been brought in a prior action resolved on the merits. Allen v. McCurry, 449 U.S. 90, 94 (1980). Pursuant to 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect as would be given by the courts of the state where the judgments emerged, including judgments arising out of section 1983 claims. Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984). "A fundamental precept of common law adjudication," the doctrine of res judicata protects against "expense and vexation attending multiple lawsuits, conserves judicial resources,

and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979).

However, a federal court can refuse to grant preclusive effect to a state court judgment if the plaintiff was denied a full and fair opportunity to litigate in state court. Allen, 449 U.S. at 101; Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481 n.22 (1982). To provide a full and fair opportunity to litigate, a state court need only meet the "procedural requirements of due process." Kremer, 456 U.S. at 482 n.24. Therefore, the applicability of res judicata in this case involves a two-pronged analysis: (1) whether D.C. law would give the judgment of the Superior Court preclusive effect, and (2) whether the Superior Court proceedings satisfy minimum due process requirements. See id. at 481-82; Welch v. Johnson, 907 F.2d 714, 719 (7th Cir. 1990).

Under D.C. preclusion law, "a final judgment on the merits of a claim bars relitigation in a subsequent proceeding of the same claim between the same parties or their privies." Patton v. Klein, 746 A.2d 866, 869 (D.C. 1999). "The doctrine [of res judicata] operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised." Id. at 870. A "common nucleus of facts," not the legal theory on which the plaintiff relies, defines the scope of a claim for res judicata purposes. Id. In determining the applicability of res judicata, D.C. courts consider "(1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case." Id. A dismissal based on statute of limitations satisfies the first of this three-part test. D.C. Super. Ct. R. 41(b) ("Unless the Court in its order for dismissal otherwise specifies, a

dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.").

Under the three-factor test used by D.C. courts, Smith's constitutional cause of action would be precluded by the prior Superior Court judgment. First, the Superior Court's dismissal of Smith's claims on statute of limitations grounds serves as a final judgment on the merits. See D.C. Super. Ct. R. 41(b); District Mem. at 6. Second, Smith's section 1983 claim arises out of the same "common nucleus of facts" -- his interaction with the MPD -- as his state common law claims. District Mem. at 5. Although the parties disagree whether Smith's Superior Court complaint raised a constitutional claim,[2] that claim certainly could have been raised in the state court proceeding, satisfying the second part of the test. See Patton, 746 A.2d at 869. Finally, the District is "the party against whom" Smith asserted his claims both in Superior Court and in this case. Am. Compl. ¶ 7; District Ex. 1. Therefore, D.C. law would give the Superior Court's judgment preclusive effect.

Nevertheless, Smith contends that he was denied a full and fair opportunity to litigate his constitutional claim in Superior Court, and that this denial shields him from a dismissal of his federal claim under the doctrine of res judicata. Smith Opp'n at 7. In particular, Smith argues that the Superior Court failed to acknowledge his federal constitutional claim because it based its dismissal on the statute of limitations for common law torts. Id. at 8. According to Smith, the

---

[2] The District argues that, consistent with the Superior Court's opinion, Smith's sparse Superior Court complaint never raised a constitutional issue. District Reply at 2-3. In response, Smith argues that the phrase "wrongfully detained me and choked me without any probable [cause]" invokes a violation of his Fourth and Fourteenth Amendment rights. Smith Opp'n at 5. Because the Court will consider both scenarios, it need not resolve this disagreement.

phrase "wrongfully detained me and choked me without probable [cause]" raises a constitutional claim. Id. at 5. However, the Supreme Court in Kremer v. Chemical Construction Corp. made clear that to provide a full and fair opportunity to litigate, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." 456 U.S. at 481. In this case, there is no indication that the Superior Court procedures were constitutionally deficient. While the Superior Court's decision did not allude to Smith's constitutional claim, "[c]ourts' opinions typically address explicitly only those contentions they believe are substantial enough to warrant such treatment [and] state courts' opinions' failure to mention plaintiff's federal constitutional arguments means only that those courts did not consider the arguments substantial." Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993); see also Winters v. Lavine, 574 F.2d 46, 61 (2d Cir. 1978) ("[I]t is entirely possible for a court to consider and reject a particular claim presented to it without any express discussion of or allusion to that claim."); Sparks v. Kim, No. 4:98-0134, 1998 WL 911832, at *4 (N.D. Miss. Nov. 30, 1998) (citing Clark and noting that despite no explicit acknowledgment of plaintiff's federal constitutional claims in state court, res judicata applies). Hence, even assuming that Smith raised a constitutional claim by referencing probable cause, the Superior Court's failure to mention that claim does not establish the requisite lack of due process needed to defeat a res judicata defense.[3]

---

[3] Smith relies on a passage from Allen v. McCurry, where the Supreme Court in dictum mentions that a failure to "even acknowledge the existence of a constitutional principle" "might well support an exception to res judicata." 449 U.S. 90, 101 (1980). In practice, courts have applied this standard infrequently and only in materially different factual situations from the present case. See, e.g., Wade v. Brady, 460 F. Supp. 2d 226, 233, 241 (D. Mass. 2006) (rejecting a collateral estoppel defense when an inmate's due process claim was dismissed at the trial and appellate level with no comment); Schneider v. Colegio de Agogados de Puerto Rico, 546 F.

Finally, Smith failed to appeal the Superior Court's dismissal of his claims within the D.C. court system.  District Reply at 4.  A plaintiff's failure "to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy."  Kremer, 456 U.S. at 485, see also Lolling v. Patterson, 966 F.2d 230, 236 (7th Cir. 1992) (A plaintiff "cannot argue that he was not provided a full and fair opportunity to litigate the claim where he failed to properly seek appellate review."); Sparks, 1998 WL 911832, at *5 ("If plaintiff's counsel was concerned that the state court had not addressed the federal claims, counsel had available the mechanisms of" additional state court procedures.).  Here, Smith could have appealed the Superior Court's dismissal of his complaint and argued that his constitutional claim had been improperly ignored.  His failure to do so, however, does not signal the constitutional inadequacy of the Superior Court proceedings nor does it provide a shield from the preclusive effect of the Superior Court's judgment.  Therefore, the Court will grant the District's motion to dismiss and the District will be dismissed from this case as a party defendant.

---

Supp. 1251, 1270, 1273 (D.P.R. 1982) (finding the Puerto Rico court unwilling to protect federal rights when plaintiffs explicitly asked to reserve their federal claims and the Puerto Rico court decision ignored this request and plaintiffs' federal claims); Farmer v. Lane, 864 F.2d 473, 477-78 (7th Cir. 1988) (finding collateral estoppel does not apply where state courts applied only state, not federal, constitutional law at multiple state court levels regarding plaintiff's due process claims).

## **CONCLUSION**

The doctrine of res judicata precludes Smith's section 1983 claim against the District in this case and, accordingly, the Court will grant the District's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated:  June 29, 2009